# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0283V
Filed: November 22, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| HEATHER MOREAU, Executor, * <br> Estate of DOUGLAS C. RIEMER, * <br> * <br> Petitioner, * <br> * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * <br> * | Ruling on Entitlement; Concession; <br> Varicella Vaccine; Disseminated <br> Varicella Zoster Virus ("VZV") Infection; <br> Immunocompromised Person; Death; <br> Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Glenn A. MacLeod*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On February 29, 2016, Heather Moreau ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of the Estate of Douglas C. Riemer. Petitioner alleges that Mr. Riemer's death on March 5, 2015, was caused in fact by the Varicella vaccine he received on February 4, 2015. Pet. at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 21, 2016, respondent filed a Rule 4(c) Report in which she concedes that compensation should be awarded for Mr. Riemer's death. Rule 4(c) Rep. at 3. Specifically, respondent stated that "the medical records demonstrate Mr. Riemer's death on March 5, 2015, resulted from multi-organ failure most likely caused

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

by disseminated Varicella infection triggered by the Varicella vaccination he received on February 4, 2015." *Id.* Respondent further stated that no other causes for petitioner's death were identified in the medical record. *Id.* According to medical personnel of the Department of Health and Human Services, "the Varicella vaccine is a live-attenuated viral vaccine, derived from the Oka strain of VZV [varicella zoster virus]." *Id.* Due to a weakened immune system, immunocompromised persons[,]" such as Mr. Riemer, who suffered from severe chronic kidney disease, "have a high risk of contracting disseminated disease from VZV infection. The onset of Mr. Riemer's rapid decline and death from a disseminated VZV infection within three weeks of receiving a Varicella vaccination is a medically appropriate time-frame to infer causation with the vaccination." *Id.*

Respondent concludes that all statutory and jurisdictional requirements have been met, and that entitlement to compensation is appropriate under the terms of the Vaccine Act. Rule 4(c) Rep. at 3.

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                            **s/Nora Beth Dorsey**
                                            Nora Beth Dorsey
                                            Chief Special Master